**Supreme Court**
No. 2025-86-Appeal.
(KC 20-825)

Richelle Cosmo          :

v.               :

Tina O'Neill.           :

# O R D E R

The defendant, Tina O'Neill (O'Neill), appeals from a Superior Court order granting summary judgment in favor of the plaintiff, Richelle Cosmo (Richelle).[1] This case came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After considering the parties' written and oral arguments and reviewing the record, we conclude that cause has not been shown and that this case may be decided without further briefing or argument. For the reasons set forth herein, we vacate the order of the Superior Court.

This case arises from a dispute over life insurance benefits for which the named insured was Nicholas Cosmo (Nicholas), the ex-husband of Richelle and the

---

[1] We refer to Richelle Cosmo and her ex-husband, Nicholas Cosmo, by their first names solely for the sake of clarity. No disrespect is intended.

- 1 -

partner of O'Neill.[2]  We are advised that Nicholas died in September of 2019.  The final judgment from Richelle's and Nicholas's 2013 divorce required Nicholas to name Richelle as a beneficiary of his life insurance policy.  However, prior to his death, Nicholas changed his life insurance policy, removing Richelle and naming O'Neill as a beneficiary in her stead.

On or about September 16, 2020, Richelle filed a complaint against O'Neill in the Kent County Superior Court seeking a declaratory judgment and alleging unjust enrichment.  Relevant to this appeal, Richelle sought an order requiring O'Neill to pay her "each and every payment received from the Life Insurance for the deceased, Nicholas Cosmo," as well as attorney's fees and any other relief the court deemed meet and just.[3]

On November 30, 2022, Richelle moved for summary judgment.  In support of her motion, Richelle argued that there was no dispute that Nicholas was required to maintain Richelle as the beneficiary of his life insurance policy but failed to do so in defiance of the Family Court order.  Notably, Richelle argued that the undisputed facts demonstrated "a clear case of conversion," despite acknowledging that "the

---

[2] O'Neill is referred to as Nicholas's spouse, common-law wife, and fiancée throughout the memoranda submitted by the parties to this Court pursuant to Article I, Rule 12A of the Supreme Court Rules of Appellate Procedure.  We refer to the couple as partners for clarity and intend no disrespect.

[3] Richelle also alleged claims related to Nicholas's 401(k) plan.  Those claims are not before this Court.

Complaint does not include a count for conversion * * *." Nowhere in her memorandum did Richelle argue the factors of the claim she had alleged: unjust enrichment.

O'Neill objected to Richelle's motion for summary judgment, arguing that under the doctrine of laches, Richelle should be barred from asserting her claim because she knew that she had been removed from Nicholas's life insurance policy prior to his death, but failed to bring a timely claim. Furthermore, O'Neill pointed out that Richelle argued conversion in her memorandum but had not pled that claim in her complaint. The trial justice ultimately granted Richelle's motion for summary judgment. An order reflecting such entered, from which O'Neill timely appealed.

"A decision granting summary judgment is reviewed *de novo* by this Court." *Saint Elizabeth Home v. Gorham*, 266 A.3d 112, 113 (R.I. 2022). "Although summary judgment is recognized as an extreme remedy, to avoid summary judgment the burden is on the nonmoving party to produce competent evidence that proves the existence of a disputed issue of material fact." *Id.* at 114 (quoting *Citizens Bank, N.A. v. Palermo*, 247 A.3d 131, 133 (R.I. 2021)).

To prevail on a theory of unjust enrichment, a plaintiff must prove "(1) that he or she conferred a benefit upon the party from whom relief is sought; (2) that the recipient appreciated the benefit; and (3) that the recipient accepted the benefit under such circumstances that it would be inequitable for the recipient to retain the benefit

without paying the value thereof." *South County Post & Beam, Inc. v. McMahon*, 116 A.3d 204, 210-11 (R.I. 2015) (brackets omitted) (quoting *Emond Plumbing & Heating, Inc. v. BankNewport*, 105 A.3d 85, 90 (R.I. 2014)).

In his decision, the trial justice found that the divorce decree controlled, and that laches did not apply. The trial justice then vaguely referred to the unjust enrichment factors and the principles underlying the doctrine, but he did not analyze each factor. Instead, he simply stated that "the [c]ourt believes that the elements of unjust enrichment apply." The trial justice added that "it's clear that [Nicholas[4]], in violation of the [Family] Court Order, did change the life insurance policy to exclude his ex-wife." Importantly, although he acknowledged that Nicholas had impermissibly altered the policy, the trial justice overlooked the fact that it was Nicholas, and not Richelle, who conferred a benefit unto O'Neill. *See Sousa v. Roy*, 243 A.3d 775, 782 (R.I. 2021) (affirming judgment as a matter of law where "the plaintiffs presented no evidence to suggest that they conferred any kind of benefit upon the defendant"). Although it may have been inequitable for O'Neill to retain the life insurance benefits, a threshold factor of unjust enrichment—that the plaintiff conferred a benefit unto the defendant—was not met. Thus, Richelle's claim for

---

[4] The trial justice's bench decision attributes the violation to O'Neill but it is clear that Nicholas altered the beneficiary of his life insurance policy, not O'Neill. In this respect, we note that the trial justice's bench decision references the exclusion of "his ex-wife," a clear reference to Nicholas.

unjust enrichment against O'Neill fails as a matter of law. Summary judgment should not have entered in her favor.[5]

Accordingly, the order of the Superior Court is vacated, and the case is remanded for further proceedings consistent with this order.

Entered as an Order of this Court this 17th day of June, 2026.

By Order,

/s/ Meredith A. Benoit

Clerk

---

[5] We note that there are, perhaps, other theories under which Richelle could prevail. Unjust enrichment, however, is not one of them.



# STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE

Licht Judicial Complex
250 Benefit Street
Providence, RI  02903

## ORDER COVER SHEET

| | | |
|---|---|---|
| **Title of Case** | Richelle Cosmo v. Tina O'Neill. | |
| **Case Number** | No. 2025-86-Appeal.<br>**(**KC 20-825) | |
| **Date Order Filed** | June 17, 2026 | |
| **Justices** | Suttell, C.J., Robinson, Lynch Prata, Long, and Flaherty (ret.), JJ. | |
| **Source of Appeal** | Kent County Superior Court | |
| **Judicial Officer from Lower Court** | Associate Justice Brian Van Couyghen | |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>Madeleine Beem, Esq. | |
| | For Defendant:<br><br>Craig J. Watkinson, Esq. | |

SU-CMS-02B (revised November 2022)